■    In the Matter of ROLLIN SHAW, Petitioner, v. GEORGE K. WYMAN, as Commissioner of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court, in the Third Judicial Department by order of the Supreme Court, at Special Term, entered in Broome County) to review a determination of the Commissioner of the State Social Services Department which affirmed the determination of the Binghamton Commissioner of Social Services suspending petitioner's public assistance grant. Petitioner, an unmarried male, 46 years of age, was receiving public assistance from the City of Binghamton Department of Social Services. On August 18, 1971 he reported to the office of the State Employment Services to pick up his check and to seek employment referrals as required by subdivision 4 of section 131 of the Social Services Law. At that time, he was advised that an employment interview had been arranged for him in Kirkwood, New York, a town located five miles outside of Binghamton. The petitioner did not attend the interview because he was unable to obtain transportation and as a result the Binghamton department suspended his public assistance for 30 days pursuant to 18 NYCRR 385.7 (a) (2) (i). After a fair hearing, the New York State Department of Social Services affirmed the determination of the local agency and the case is before us for review. We must affirm if the administrative decision is supported in the record and rests upon a reasonable basis in law. (*Matter of Howard* v. *Wyman,* 28 N Y 2d 434, 438.) Public assistance must be suspended when a recipient will-

fully fails to report for an employment interview when requested to do so. (Social Services Law, § 131, subd. 4; 18 NYCRR 385.6 [a] [3].) However, a failure to report is not willful if the recipient's evidence shows that no public or private means of transportation is available. (See 18 NYCRR 385.6 [c] [7].) The record establishes that there were two bus lines operating between Binghamton and Kirkwood (although it is not clear what the scheduling or routes of the buses were); the petitioner admitted that he made no effort to obtain taxi service or private transportation from personal acquaintances; and the Social Services Department would have reimbursed the bus transportation. There is substantial evidence in the record to support the respondent's determination. (*Matter of Page* v. *Wyman*, 39 A D 2d 1015.) Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.